# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

Chambers of
**Joseph A. Dickson**
United States Magistrate Judge

Martin Luther King Federal Building
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07101
(973) 645-2580

1/5/18

To: All counsel of record

### LETTER ORDER PURSUANT TO RULE 16.1

RE:   **Melissa Reynolds v. Convergent Outsourcing, Inc., et al.**
        **Civil Action No. 17-7258(JLL)**

Dear Counsel:

An in-person initial scheduling conference shall be conducted before the Undersigned on **3/5/18 at 10:00 a.m.**

Counsel are advised that the early disclosure requirements of <u>Fed. R. Civ. P.</u> 26 will be enforced.   Therefore, counsel shall immediately exchange the following information without a formal discovery request:

-   identities of individuals likely to have knowledge of discoverable facts;

-   documents and things in the possession of counsel or the party;

-   identities of experts and their opinions;

-   insurance agreements in force; and

-   statement of the basis for any damages claimed.

At least fourteen (14) days prior to the conference scheduled herein, counsel shall personally meet and confer pursuant to <u>Fed. R. Civ. P.</u> 26(f), and **shall submit a discovery plan to the Undersigned not later than 72 hours prior to the conference with the Court**.   The discovery plan shall include (1) a brief summary of the claims and defenses; and (2) a proposed schedule for completing fact and expert discovery.   The discovery plan may include a summary of the status of settlement negotiations.   (THE DISCOVERY PLAN SHALL BE IN THE FORM ATTACHED AND SHALL BE SUBMITTED JOINTLY.)

At the conference, the Court will address scheduling of all motions.   No motions, other than a motion under Fed. R. Civ. P. 12, shall be filed without prior leave of Court.   If any motions have already been filed, please advise the Court immediately, in writing, regarding the nature of the motion and its present status.   You may submit unopposed applications for *pro hac vice* admission with my Chambers.   Please obtain consent of your adversary prior to filing your application, advising both in your cover letter and proposed Order that you have consent. In addition, the party shall follow the requirements of L.Civ.R. 101.1(c) and submit a certification that states local counsel: (1) is a member of the New Jersey bar in good standing and lists all bars in which counsel is admitted and their contact information, (2) will be responsible for the conduct of the pro hac vice counsel, (3) will sign all pleadings and submissions and make all court appearances, and (4) will ensure that pro hac vice counsel will comply with L.Civ.R. 101.1(c).   The certification shall also state whether or not the applicant has received the consent of opposing counsel.   The certification of proposed pro hac vice counsel shall include said counsel's actual signature and state that counsel: (1) is a member of a bar in good standing and list all bars in which counsel is admitted and their contact information, (2) will submit to this Court's jurisdiction for discipline, (3) will pay the Clerk's fee, (4) will make payment to the client fund; and (5) will abide by Local Civil Rule 101.1(c).

At the conference, all parties who are not appearing pro se must be represented by counsel who shall have full authority to bind their clients in all pre-trial matters.   Counsel shall also be prepared to discuss the merits of the case and have settlement authority.   Clients or persons with authority over the matter shall be available by telephone.   See L.Civ.R. 16.1(a).

Counsel for plaintiff(s) shall notify any party, who hereafter enters an appearance, of the above conference, and forward to that party a copy of this Order.

The parties must advise this Court immediately if this action has been settled or terminated so that the above conference may be cancelled.

Failure to comply with the terms herein may result in the imposition of sanctions.

So Ordered:

   s/ Joseph A. Dickson
Hon. Joseph A. Dickson
United States Magistrate Judge

cc:   Jose L. Linares, USDJ

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|                      |   |                    |
|----------------------|---|--------------------|
|                      | : | Civil Action No.   |
|                      | : |                    |
| Plaintiff(s),        | : | Hon.               |
|                      | : |                    |
| v.                   | : | JOINT DISCOVERY PLAN |
|                      | : |                    |
|                      | : |                    |
| Defendant(s).        | : |                    |

1. Set forth a factual description of the case.   Include the causes of action and affirmative defenses asserted.

2. Have settlement discussions taken place?   Yes _____   No _____

   If so, when?   _____

   (a)   What was plaintiff's last demand?

         (1)   Monetary demand: $ _____
         (2)   Non-monetary demand: _____

   (b)   What was defendant's last offer?

         (1)   Monetary offer:   $ _____
         (2)   Non-monetary offer: _____

3. The parties [have _____ -have not _____] exchanged the information required by Fed. R. Civ. P. 26(a)(1).   If not, state the reason therefor.

4. Describe any discovery conducted other than the above disclosures.

5. Generally, dispositive Motions cannot be filed until the completion of discovery. Describe any Motions any party may seek to make prior to the completion of discovery. Include any jurisdictional Motions and Motions to Amend.

6. The parties proposed the following:

   (a)   Discovery is needed on the following subjects:

   (b)   Should discovery be conducted in phases?   If so, explain.

   (c)   Number of Interrogatories by each party to each other party: _____

   (d)   Number of Depositions to be taken by each party: _____

(e)      Plaintiff's expert report due on _____.

(f)      Defendant's expert report due on _____.

(g)      Motions to Amend or to Add Parties to be filed by _____.

(h)      Dispositive motions to be served within _____ days of completion of discovery.

(i)      Factual discovery to be completed by _____.

(j)      Expert discovery to be completed by _____.

(k)      Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders:

(l)      A pretrial conference may take place on _____

(m)    Trial by jury or non-jury Trial?

(n)      Trial date: _____.

7.      Do you anticipate any discovery problem(s)?   Yes _____ No _____
          If so, explain.

8.      Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of state witnesses or documents, etc.)?   Yes _____ No _____
          If so, explain.

9.      State whether this case is appropriate for voluntary arbitration (pursuant to L. Civ. R. 201.1 or otherwise), mediation (pursuant to L. Civ. R. 301.1 or otherwise),   appointment of a special master or other special procedure.   If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.).

10.     Is this case appropriate for bifurcation? Yes _____ No _____

11.     We [do _____ do not _____] consent to the trial being conducted by a Magistrate Judge.

_____

Plaintiff(s)

_____

Defendant(s)